# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| Mary Ann McMahan-McWhorter, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| Sequel TSI Holdings, LLC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Mary Ann McMahan-McWhorter, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Sequel TSI Holdings, LLC ("Defendant") and seeks redress for discrimination and retaliation suffered in Plaintiff's capacity as an employee of the Defendant. Plaintiff has been discriminated against by the Defendant on account of Plaintiff's disability in violation of the Americans with Disabilities Act, **42 U.S.C. §§ 12101 *et seq*.**, and any other cause(s) of action that can be inferred from the facts set forth herein and states the follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, 42 U.S.C. § 12117(a) because the action arises under the ADA.

2. The unlawful employment acts alleged herein took place within the Northeastern Division of the Northern District of Alabama.

3. Venue is proper in this Court, The United States District Court for the Northern District of Alabama, pursuant to Title 28, U.S.C § 1391 and the Local Rules of the United States District Court for the Northern District of Alabama.

### PARTIES

4. Plaintiff Mary Ann McMahan-McWhorter is domiciled in the State of Alabama.

5. At all relevant times the Plaintiff was an "employee" of the Defendant.

6. The Defendant Sequel TSI Holdings, LLC is a foreign limited liability company doing business at 1131 Eagletree Lane Huntsville, Al 35801.

7. At all relevant times, Defendant was an "employer."

### COMPLIANCE WITH THE JURISDICTIONAL REQUIREMENTS

8. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about September 4, 2020, Plaintiff caused a charge of discrimination in

employment to be filed with the Equal Employment Opportunity Commission.

9. A Notification of a Right to Sue Letter was received and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue.  A copy of the Notice is attached as Exhibit 1.

## GENERAL FACTS

10. Plaintiff began working for the Defendant in accounts receivable around May of 2014.

11. Around January 26, 2019 Plaintiff developed floaters in her eye.

12. This was due to the jelly in her eye detaching from her retina.

13. Plaintiff informed her supervisor about the issues she was experiencing.

14. Plaintiff was at one point informed a meeting would take place about reaching an accommodation.

15. However, no such meeting ever took place.

16. On or about April 4, 2019 Plaintiff was terminated.

## COUNT I

### Violation of The Americans With Disabilities Act

17. Plaintiff repeats and realleges paragraphs 1-16 as if set forth in full herein.

18. Plaintiff is a qualified individual with a disability which affects major life activities.

19. Plaintiff was able to perform all the essential functions of her job with reasonable accommodations.

20. Specifically, Plaintiff was diagnosed with a posterior vitreous detachment in her left eye, which causes floaters due to the jelly in her eye detaching from the retina and decreased vision.

21. This condition caused Plaintiff to develop floaters in her eye, which worsened when exposed to prolonged bright lights.

22. Plaintiff informed her supervisor Mary Caudle about the floaters.

23. Mary Caudle told the Plaintiff "I have floaters too; I just deal with it."

24. Plaintiff requested a reasonable accommodation of dimmer lights at her workstation.

25. Instead of granting this simple accommodation of just removing a few light bulbs, Defendant moved Plaintiff to an even brighter work station.

26. Plaintiff was terminated on or about April 4, 2019.

27. Defendant has discriminated against Plaintiff because of her disability and/or her perception of her disability by terminating her employment in violation of The Americans with Disability Act.

28. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

WHEREFORE, Plaintiff prays that this Honorable Court will:

a. Issue a declaratory judgment, declaring the defendants past practices herein to be unlawful.

b. Order Defendant to institute and carry out polices, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicate the effects of its past and present unlawful employment practices.

c. Order the Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendants unlawful employment practices.

d. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

e. Order Defendant to pay Plaintiff punitive damages for its malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial.

f. Grant such further relief as the Court deems necessary and proper.

## COUNT II

### Retaliation Under The American's With Disability Act

29. Plaintiff repeats and realleges paragraphs 1-28 as if set forth in full herein.

30. After requesting a reasonable accommodation in the form of a lighter work station, Plaintiff was forced to work in a brighter location.

31. Further Plaintiff was stripped of her usual job duties.

32. Around February of 2019 Plaintiff was forced to complete data input projects.

33. This was a job she had not been required to do prior to her request for a reasonable accommodation for her qualifying disability.

34. The tasks required her to sit in front of a bright computer for hours without stopping.

35. The task required her to look back and forth on the computer, straining her eyes and causing increased floater activity.

36. Plaintiff again asked for a reasonable accommodation to simply have the reports printed for her to work on.

37. However, no such accommodation was made.

38. Further, Plaintiff was asked to complete such tasks in unreasonable time frames.

39. Plaintiff again reiterated that she could do all essential job functions with a reasonable accommodation.

40. However, she was never given such accommodation.

41. Plaintiff again was asked to perform a data input project in March of 2019.

42. This was not Plaintiff's normal job duties and was a demotion.

43. Plaintiff has a good faith belief this was in further retaliation for seeking a reasonable accommodation.

44. Further, Plaintiff has a good faith belief that she was given this project as retaliation for seeking an accommodation as it was difficult and nearly impossible to do without an accommodation.

45. Finally, in March of 2019 Plaintiff was told she would be moved to solely input data jobs.

46. This again was a demotion.

47. On or about April 4, 2019 Plaintiff was terminated.

48. By engaging in the conduct described above Defendant unlawfully retaliated against Plaintiff because she requested an accommodation for her disability in violation of the ADA.

49. Plaintiff has suffered and continues to suffer lost earnings, emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

WHEREFORE, Plaintiff prays that this Honorable Court will:

a. Issue a declaratory judgment, declaring the defendants past practices herein to be unlawful.

b. Order Defendant to institute and carry out polices, practices, and programs providing equal employment opportunities for Plaintiff and other employees and eradicate the effects of its past and present unlawful employment practices.

c. Order the Defendant to make whole the Plaintiff by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of Defendants unlawful employment practices.

d. Order Defendant to make whole Plaintiff by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial.

e.  Order Defendant to pay Plaintiff punitive damages for its malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial.

f.  Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

> */s/ Ray Foushee*
> Raymond Foushee
> ASB-9344-X13G
> Attorney for Plaintiff
>
> */s/Jeremy Schatz*
> D. Jeremy Schatz
> ASB-2400-H34Y
> *Attorney for Plaintiff*

OF COUNSEL:
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com
rf@vlgal.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

Sequel TSI Holdings, LLC
C/O Corporation Service Company Inc.
641 South Lawrence Street Montgomery, AL 36104

# Exhibit 1

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mary Ann McMahan-McWhorter<br>131 Maggie Bell Ln<br>Huntsville, AL 35811 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-02678 | **GLENDA BROWN-WADE,** Investigator | (205) 651-7064 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*     **AUG 3 1 2020**

Enclosures(s)     **BRADLEY A. ANDERSON,** District Director     *(Date Mailed)*

cc:
SEQUEL YOUTH AND FAMILY SERVICES
% Roy Day, VP of Human Resources
1131 Eagletree Lane SE
Huntsville, AL 35801

Jeremy Schatz, Attorney
THE PATTON FIRM
3720 4th Avenue South
Birmingham, AL 35222

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"**Actual**" disability or a "**record of**" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), "**major life activities**" **now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is "**episodic**" (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"**Regarded as**" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2019-02678 |

and EEOC
_____
State or local Agency, if any

**Name** (Indicate Mr., Ms., Mrs.): Ms. Mary Ann McMahan-McWhorter
**Home Phone** (Incl. Area Code): (256) 603-2351
**Date of Birth**: 10/5/51
**Street Address**: 131 Maggie Bell Ln
**City, State and ZIP Code**: Huntsville, AL 35811

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name**: Sequel Youth and Family Services
**No. Employees, Members**: 40+
**Phone No.** (Incl. Area Code): (256) 880-3339
**Street Address**: 1131 Eagletree Ln SE
**City, State and ZIP Code**: Huntsville, AL 35801

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: January 2019
Latest: April 4, 2019
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):
See Exhibit A.

JUN 27 2019

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6-20-2019
Date

Mary Ann McMahan-McWhorter
Charging Party Signature

**NOTARY** – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Mary Ann McMahan-McWhorter

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
6-20-2019

Exhibit A 

1. My name is Mary Ann McMahan-McWhorter and I am over the age of 19 and a resident of Alabama.
2. I began working for Sequel Youth and Family Services around May of 2014
3. I was employed in accounts receivable.
4. Around January 26, 2019 I developed floaters in my eye due to the jelly in my eye detaching from my retina.
5. I told my supervisor, Mary Cottle, and Alex Bret in HR about my eye issues and asked for a very reasonable accommodation in the form of dimmer lights at my workstation to help reduce the floaters, as excessive light caused them to be more active.
6. Mary Cottle told me that she "had floaters too and just deal with it."
7. I was not allowed to reduce the brightness of the lights in my workstation.
8. I was finally moved to a new workstation; however, it was even brighter than my first workstation.
9. This is the workstation that I was left in until my termination.
10. The brighter the lights the more activity the floaters in my eye got.
11. Around February of 2019 I was given a data input project that required me to look into a bright computer for hours, this data input project was not my typical job. I believe this was in retaliation for requesting an accommodation.
12. I was asked to complete a task within 7 day which is not a typical amount of time.
13. I stated to Mary Caudle that I did not believe I could complete the task in the allotted time due to the fact that it would be a strain on my disability to look at a bright computer under bright lights all day and because I would have to work form two screens the floaters would be more active due to going side to side.
14. I was again asked to do data input with an unrealistic deadline in March, which I believe was retaliation for requesting an accommodation.
15. Throughout this time, I reiterated that I could do my essential job function I just needed very reasonable accommodations.
16. In March of 2019 I was informed by one of my supervisors, Kay Turner I would be, responsible for all the data entry as well as my current duties due to the fact that I was a "non-productive employee." I had never had any issues prior to asking for an accommodation.
17. I was asked if I could do my essential job functions and I again reiterated I could do all of my essential job functions I just needed a reasonable accommodation for my disability.
18. On or about April 4, 2019 I believe I was terminated due to my qualifying disability.
19. Based on my knowledge at this time I believe that I was discriminated against based on my disability, under the Americans with Disability Act of 1990.
20. I declare under penalty of perjury that the preceding is true and correct.
21. I authorize the EEOC to release the contents of this Charge of Discrimination to the Respondent.

Done this 20 day of June 2019.

Mary Ann McMahan-McWhorter